# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| LORI CHAVEZ-DEREMER,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | CIVIL ACTION NO. |
| Plaintiff | ) | |
| v. | )<br>) | |
| ADABI INVESTMENT LLC, and<br>ADABI'S DINER LLC, | )<br>)<br>) | |
| Defendants. | ) | |

This cause of action, which arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, hereinafter the Act or the FLSA, is brought by the Secretary of Labor, pursuant to Section 17 of the Act, to restrain the Defendants, Adabi Investment LLC and Adabi's Diner LLC, from violating Section 12(c) of the Act, 29 U.S.C. § 212(c).

## JURISDICTION AND VENUE

1. This court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2. Venue is proper in this court because the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

3. Plaintiff Lori Chavez-Deremer, the Secretary of Labor, is authorized to bring actions to restrain violations of Section 12 of the FLSA. *See* 29 U.S.C. §§ 215 and 217.

4. Defendant Adabi Investment is a limited liability company organized under the laws of Georgia with a principal office located at 3135 Peachtree Pkwy, Suwanee, GA, 30024.

5. Defendant Adabi's Diner is a limited liability company organized under the laws of Georgia with a principal office located at 3135 Peachtree Pkwy, Suwanee, GA, 30024.

6. Defendants operate two Culver's fast-food restaurants. One restaurant is located at 252 S 400 Center Ln, Dawsonville, Georgia 30534. The other restaurant located at 3135 Peachtree Pkwy, Suwanee, Georgia 30024.

7. At all times hereinafter mentioned:

   A. Defendant is engaged in related activities, performed either through unified operation or common control for a common business purpose, that constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

   B. Such enterprise, which employed employees engaged in commerce or in the production of goods for commerce, and

        employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

   C. Therefore, during the period at issue, employees were employed in an enterprise engaged in commerce or in the production of good for commerce, meaning of Section 3(r) and/or 3(s)(1) of the Act, and the employees and the enterprise were, therefore, subject to Section 12 and 15 of the Act, 29 U.S.C. §§ 212 and 215.

8.    Between June 9, 2021 and June 8, 2023, Defendants violated the provisions of §§ 12(c) and 15(a)(4) of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and regulations found at 29 C.F.R., Part 570, by employing oppressive child labor, within the meaning of § 3(l) of the Act, 29 U.S.C. § 203(l), in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, as aforesaid,

in that Defendants (a) employed seventy-three minors under the age of sixteen that worked during prohibited hours at Defendants' Suwanee location and three minors under the age of sixteen that worked during prohibited hours at Defendants' Dawsonville location in violation of Child Labor Reg. 3, found at 29 C.F.R. §570.35; (b) employed three employees under the age of sixteen that operated the manual fryer, a hazardous duty, at Defendants' Suwanee location in violation of Child Labor Reg. 3, found at 29 C.F.R. §570.33(h).

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary respectfully requests that the Court enter judgment against Defendants and provide the following relief:

    A. Issue an order permanently enjoining and restraining Defendants, their officers, agents, servants, and employees, and those persons in active concert or participation with it, from violating the provisions of Section 12(c) of the Act, 29 U.S.C. § 212(c); and

    B. Issue an order awarding the Secretary with any other relief the Court deems necessary and appropriate.

    {Signature on Following Page}

Respectfully submitted,

This 2nd day of September, 2025.

<div style="display:flex">
<div>

ADDRESS:
Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Regional Solicitor
Room 7T10
Atlanta, GA  30303

(404) 302-3902 (telephone)
(404) 302-5438 (facsimile)
palazzolo.alessandra.t@dol.gov
murphy.kristin.r@dol.gov
atl.fedcourt@dol.gov

</div>
<div>

JONATHAN L. SNARE
Acting Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

KRISTIN MURPHY
Counsel for Wage and Hour

By: /s/ Alessandra T. Palazzolo
    ALESSANDRA T. PALAZZOLO
    GA Bar No. 485399
    Trial Attorney

Office of the Solicitor,
U. S. Department of Labor,
Attorneys for Plaintiff

</div>
</div>

SOL Case No. 25-00749